## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (herein "Release") is made and entered into by and between SAMUEL HEARST (herein "Employee") and DELI MANAGEMENT, INC. (herein "Employer") (collectively herein "Parties"). Employee was previously employed by Employer. The Parties desire to settle the claims brought by Employee against Employer for alleged unpaid overtime wages in the United States District Court for the Northern District of Georgia, under the caption Hearst v. Deli Management, Inc, Case No. 1:17-cv-02946-WSD (herein "Litigation"). Accordingly, in consideration of the mutual promises set forth below, Employee and Employer agree as follows:

1. The Litigation involves contested issues of fact and law and Employee and Employer now wish to fully and finally settle Employee's claims against Employer in the Litigation.

2. In entering into this settlement, both Parties acknowledge that they have had the opportunity to conduct certain discovery or otherwise investigate their claims and defenses in this matter and to assess their relative likelihood of success on the merits, and believe that, based on that assessment and the relevant facts and circumstances of the case, the compromise reached between them is a fair resolution of the contested issues of fact and law in this case.

3. The Parties further acknowledge that all payments referenced in this Release are intended to fully and finally resolve any and all claims released herein between Employer and Employee on terms that are mutually agreeable.

4. By entering into this Release, Employer does not admit to any underlying liability or to any underlying liability of its directors, officers, partners, shareholders, supervisors, employees, representatives, successors, assigns, subsidiaries, affiliates, related entities, parents, and insurers to Employer. Employer simply wishes to fully and finally resolve Employee's pending claims in the Litigation to avoid the distraction and cost of litigation.

5. Employer promises and obligates itself to perform the following covenants in return for the promises and performance undertaken by the Employee as set out in this Release:

    a.) Employer shall provide Employee with a payment in the gross amount of ▮▮▮▮ (herein "Settlement Amount") divided as follows:

        i.) a check to Employee in the amount of ▮▮▮▮ (less all applicable withholdings) in compromise of all of Employee's disputed claims for unpaid wages;

        ii.) a check to Employee in the amount of ▮▮▮▮ in compromise of Employee's disputed claim for liquidated damages; and

        iii.) a check to Head Law Firm, LLC (Tax ID # to be supplied to Employer),

      in the amount of ▇▇▇▇▇▇ as consideration for Employee's disputed claim for attorneys' fees and costs incurred in connection with the claims made in the Litigation.

  b.) The sums described above shall be delivered to Head Law Firm, LLC, 1170 Howell Mill Rd. NW, Ste 305, Atlanta, GA, within ten business days after the later of the following two events:

    i.) Employer receives this Release executed by the Employee along with a copy of a completed (current) W-9 for Head Law Firm, LLC and for Plaintiff; or

    ii.) The U.S. District Court for the Northern District of Georgia issues an order that specifically approves this Release or enters the parties' stipulated judgment in the Litigation.

  c.) Employer will issue an IRS Form W-2 for the wage payment described in paragraph 5(a)(i) above. Employer shall issue an IRS Form 1099, reported on Box #3, to Plaintiff for the payment described in paragraph 5(a)(ii) above. Employer shall issue an IRS Form 1099, reported on Box #14, to Employee's counsel for the payment described in paragraph 5(a)(iii) above. No payments under paragraph 5 shall be made until the tax documents required by paragraph 5(b)(i) are received by the Employer. Defendants shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement.

  d.) Employer, its directors, officers, administrators, agents, subsidiaries, affiliates, and attorneys, hereby release, remise, and forever discharge Employee from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them which they may now have against him, either individually, jointly, or severally, based upon acts or facts which have occurred from the beginning of time to the date of this Agreement, arising out of or related to the facts alleged in the Complaint or the bringing of the Complaint itself.

  e.) Employer shall comply with all other terms of this Release as provided for herein.

6. Employee promises and obligates himself to perform the following covenants under this Release:

  a.) Acting for himself, his heirs, personal representatives, administrators and anyone asserting Employee's claim for Employee by or through him, Employee unconditionally and irrevocably releases, acquits, and discharges Employer and its Releasees from any and all claims, whether known or unknown, that Employee has or may have against Employer or its Releasees, expressly limited to:

    i.)  Employee's individual claims for failure to pay all required amounts due for overtime hours worked;

    ii.)  Any other of Employee's individual claims that Employee could have brought under the Fair Labor Standards Act or any state or local law regarding the payment of minimum wages or overtime, provided that such claims arise out of the facts pleaded in his Complaint in the Litigation and had accrued as of the date of this Release; and

    iii.)  Any rights that Employee may have to claim reimbursement from Employer and its Releasees for attorneys' fees, litigation costs, or expenses that Employee may have incurred in the course of obtaining legal advice on his claims described in subparagraphs 6(a)(i) or 6(a)(ii) above, except as specifically provided for in this Agreement.

  b.)  For purposes of paragraph 6(a) above and its subparts, it is expressly agreed that:

    i.)  Employee is not releasing any other claims in this Agreement, and this release shall not have res judicata, collateral estoppel, or other claim preclusion effect on any claims not expressly released in this Agreement.

    ii.)  The phrase "Employer" shall mean Deli Management, Inc. The "Releasees" of Employer shall mean the persons or entities who have any of the following past or present relationships to Employer or any of its related entities: directors, officers, operations directors, joint venture partners, managing partners, shareholders, supervisors, employees, representatives, successors, assigns, subsidiaries, affiliates, parents, and insurers.

  c.)  Employee represents that, other than the Litigation, he has not filed with any court, government agency or other tribunal any pending action, charge, complaint, grievance or arbitration against Employer.

  d.)  Employee shall comply with all other terms of this Release as provided for herein.

6.  Employee and Employer promise and obligate themselves to jointly perform the following covenants under this Release:

  a.)  The Parties agree to cooperate in the filing of a joint motion seeking entry of stipulated judgment approving this Agreement and dismissing this Litigation with prejudice (without prejudice to preserve Parties' rights to reopen if needed to enforce this Agreement) consistent with <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982) and <u>Nall v. Mal-Motels</u>, Inc., 723 F.3d 1304 (11th Cir. 2013). The Parties agree to cooperate with each other in filing any materials that the Court may deem necessary to review or approve the Parties' settlement and

this Agreement.

 b.) The Parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Plaintiff's Counsel is required to petition the Court for approval of the reasonableness and amount of his attorney's fees and costs to be paid under this Agreement, Defendant does not oppose and agrees not to oppose the amount (or the reasonableness of the amount) of Plaintiff's attorney's fees to be paid to Plaintiff's Counsel out of the total Settlement Amount.

 c.) Defendant may file a motion for leave to file an unredacted version of this Agreement under seal, while filing this Agreement on the public docket with the amounts redacted from public view. Plaintiff agrees not to oppose that motion.

7. Employee agrees that each of the following statements is truthful and accurate:

 a.) Employee is of sound mind and body.

 b.) Employee has sufficient education and experience to make choices for himself that may affect his legal rights.

 c.) Employee has full legal capacity to make decisions for himself.

 d.) Employee is aware that this Release has significant legal consequences.

 e.) Employee has consulted with an attorney of his choice prior to signing this Release and has determined that this settlement is a fair resolution of his claims in this Litigation.

 f.) Employee has decided to sign this Release of his own free will, and his decision to sign this Release has not been unduly influenced or controlled by any mental or emotional impairment or condition.

 g.) Employee is not executing this Release because of any duress or coercion imposed on him by anyone.

8. Defendant is aware of the anti-retaliation provisions of Section 215 of the Fair Labor Standards Act. Defendant agrees to respond to any inquiries from prospective employers regarding Plaintiff by providing only a neutral reference stating his dates of employment, job title, and last rate of pay, and Defendant agrees not to disclose the fact of Litigation or settlement of Plaintiff's claims in response to any employment reference inquiries about Plaintiff and will not make any reference to eligibility or ineligibility for rehire.

9. Employee represents that he has not sold, transferred, or assigned to a third party any claims that he may have. Employee represents that any claims that he may have are unencumbered and otherwise within his power to dispose of. Employee represents that

he does not have any other pending claims against Employer other than the claims brought in the Litigation or referenced herein.

10. Employee agrees that any and all prior understandings or agreements between Employee and Employer with respect to the subject matter of this Release are superseded by this Release, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof.

11. This Release shall not be orally amended, modified, or changed. No change, amendment, or modification to the terms of this Release shall be valid unless such change, amendment, or modification is memorialized in a written agreement between the Parties that has been signed by Employee and by duly authorized officers or representatives of Employer and that specifically references both this Release and the provisions herein that are to be amended, modified, or changed.

12. The language of all parts of this Release shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. As used in this Release, the singular or plural shall be deemed to include the other whenever the context so indicates or requires.

13. Should any provision of this Release be declared or be determined by any court to be illegal or invalid, the remaining parts, terms or provisions shall remain valid unless declared otherwise by the court. Any part, term or provision which is determined to be illegal or invalid shall be deemed not to be a part of this Release.

14. The Parties agree that a true copy of this Release may be used in any legal proceeding in place of the original and that any such true copy shall have the same effect as the original.

15. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties has signed the same instrument.

16. Delivery of an executed copy of this Agreement by facsimile or signed .pdf delivered by email shall be deemed effective as if delivery of an original.

17. The Parties intend for the Court to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

PLEASE READ CAREFULLY BEFORE SIGNING. THIS AGREEMENT INCLUDES A MUTUAL LIMITED RELEASE OF CLAIMS.

DELI MANAGEMENT, INC.

_____
Samuel Hearst
Date: _____

By: _____Christopher Coco_____
Title: _____General Counsel_____
Date: _____4/18/18_____

PLEASE READ CAREFULLY BEFORE SIGNING. THIS AGREEMENT INCLUDES A MUTUAL LIMITED RELEASE OF CLAIMS.

DELI MANAGEMENT, INC.

_____
Samuel Hearst
Date: 4/16/2018

By: _____
Title: _____
Date: _____