UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAMUEL HEARST,

    Plaintiff

v.

    Case No. 1:17-CV-02946-WSD

DELI MANAGEMENT, INC., d/b/a
"JASON'S DELI"

    Defendant

---

### AMENDED[1] JOINT MOTION FOR STIPULATED JUDGMENT APPROVING FLSA SETTLEMENT AGREEMENT

Plaintiff Samuel Hearst ("Plaintiff" or "Hearst") and Defendant Deli Management, Inc., d/b/a Jason's Deli ("Defendant") (together, the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Stipulated Judgment Approving FLSA Settlement Agreement. In support of their joint motion, the Parties state as follows:

---

[1] Amended to include Proposed Order Granting Amended Joint Motion for Stipulated Judgment Approving FLSA Settlement Agreement.

1

## STATEMENT OF FACTS AND SUMMARY OF PROCEEDINGS

Plaintiff worked for Defendant at two of its company-owned restaurant locations, first as an Assistant Manager 3A then as an Assistant Manager 2A ("AM 2A/3A"). Plaintiff brought this action against Defendant to recover alleged unpaid minimum wages, overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, alleging that he was misclassified as exempt from the FLSA's overtime pay requirements.  On the morning of December 14, 2017 [Dkt. 34] during Plaintiff's deposition, the Court denied Plaintiff's motion to conditionally certify a collective action.

The Parties then proceeded to conduct discovery regarding Plaintiff's individual FLSA claims, including completing Plaintiff's deposition, and serving and responding to Plaintiff's first and second request for production of documents and first interrogatories. The Court granted a limited purpose extension of time to complete discovery. [Dkt. 41]. The parties subsequently agreed to settle the case, requested and obtained a stay of the litigation, and now request this Court's entry of a stipulated judgment approving the settlement agreement.

    A.    <u>Settlement</u>.

The settlement reached between the Parties was negotiated between counsel by communications beginning in January, 2018, resulting in a final agreement in principle reached in March, 2018.

Consistent with the terms of the Settlement Agreement, Defendant filed a motion for leave to file an unredacted version of the Settlement Agreement and of this joint motion for approval under seal, while filing the Settlement Agreement and this joint motion for approval on the public docket with the amounts (and descriptions of amounts) redacted from public view.  Plaintiff agreed not to oppose that motion. Thus, references to amounts in this joint motion have been and will remain redacted, unless the Court denies Defendant's unopposed motion to file documents referencing settlement amounts under seal.

The Parties reached agreement to settle Plaintiff's claims by Defendant's payment of $29,999.00, inclusive of all damages, fees and costs, as set forth in the Settlement Agreement filed as Exhibit 1 to this joint motion (the "Agreement"). Under the Agreement, without admitting liability, Defendant agrees to pay Plaintiff the total amount of $9,055.64 ($4,527.82 for back wages, and $4,527.82 for liquidated damages), which if Plaintiff were deemed to be nonexempt would constitute 100% of his overtime back wages and 100% of the liquidated damages

that would be due for the overtime hours that Plaintiff testified he worked during the two year period preceding the filing date of his Complaint, as calculated utilizing the retroactive damages calculation method that this Court has previously required in other FLSA cases alleging misclassification as exempt. *See, e.g., Shaw v. Bank of Am., N.A.*, No. 1:08-cv-2819-WSD, 2010 U.S. Dist. LEXIS 117582, at *19 (N.D. Ga. July 29, 2010).

Although the language of the Agreement is controlling over any summary of terms herein, as a summary of releases provided in exchange for the mutual agreement to settle this case, Plaintiff provides a release limited in scope to (i) his individual claims for failure to pay all required amounts due for overtime hours worked; (ii) any other of his individual claims that he could have brought under the FLSA or any state or local law regarding the payment of minimum wages or overtime, provided that such claims arise out of the facts pleaded in his Complaint in the Litigation and had accrued as of the date of this Release; and (iii) any rights that he may have to claim reimbursement from Defendant for attorneys' fees, litigation costs, or expenses that he may have incurred in the course of obtaining legal advice on his claims described in the preceding subparagraphs (i) and (ii) above, except for the payment specifically provided for in the Agreement. Defendant

provides a release limited in scope to its claims against Plaintiff based upon acts or facts which have occurred from the beginning of time to the date of the Agreement, arising out of or related to the facts alleged in the Complaint or the bringing of the Complaint itself.

The Parties expressly agreed to jointly submit the Agreement to this Honorable Court requesting the Court's entry of stipulated judgment approving settlement.

## ARGUMENT AND CITATION OF AUTHORITY

In order to have an enforceable release of FLSA claims in this Circuit, either the Court or the U.S. Department of Labor must review and approve agreements settling alleged violations of the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). Because the Agreement was not made under the supervision of the Secretary of Labor, "it is valid only if the district court enter[s] a 'stipulated judgment' approving it." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013) (citing *Lynn's Food*, 679 F.2d at 1352-54). Accordingly, the Parties are

submitting a copy of the Agreement for the Court's review, ratification, and entry of stipulated judgment approving it.

In order to approve a settlement of overtime claims proposed by an employer and an employee, a court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food*, 679 F.2d at 1355. If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

## I.   APPROVAL OF PAYMENT TO PLAINTIFF

There is a strong presumption in favor of finding a settlement fair. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources.").

Throughout this litigation, Defendant has taken the position that Plaintiff was properly classified as exempt when he worked as an AM 2A/3A, but even if held to be non-exempt, Defendant challenges Plaintiff's estimated hours worked, and asserts that Plaintiff could not establish a "willful" violation in order to add a third

year to his maximum possible recovery period.  Plaintiff has maintained diametrically opposing positions on each issue.

Defendant's and Plaintiff's counsel agree that the settlement is a reasonable resolution of disputed issues, and therefore request approval of this settlement.

## II.   APPROVAL OF PAYMENT OF FEES AND COSTS

The Agreement provides that Defendant shall pay the amount of $20,943.36 for Plaintiff's attorney's fees and advanced litigation costs.[2]

The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  Fee awards are therefore mandatory for prevailing plaintiffs in FLSA cases. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985).

After the Court's Order denying conditional certification, this became an individual overtime case rather than a collective action under the FLSA. The Agreement specifically provides for a payment amount to Plaintiff in settlement of his overtime back pay and liquidated damages, and a separate payment to his counsel

---

[2] Plaintiff's recoverable litigation costs include, among other expenses, the $400 filing fee, $645 in process server fees for witness subpoenas, and $1,129.95 in deposition transcript fees.

7

in settlement of the amount of attorney's fees and costs incurred in this action. Therefore, as a district court within this Circuit recognized in *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005), in a single-plaintiff FLSA settlement the Court is not required to determine the amount of the fee award, or to assess the reasonableness of the amount agreed upon by the Parties:

> The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

Moreover, Defendant has agreed to, and does not oppose the amount (or reasonableness of the amount) of the attorney's fees to be paid to Plaintiff's counsel. *See Dail,* 391 F. Supp. 2d at 1147 (holding that because defendant joined in the motion for approval of the settlement amounts, "[t]he Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the Parties' stipulation as to the reasonableness of the attorneys' fees and costs.").

Finally, because the amount of attorney's fees and costs to be paid to Plaintiff's counsel under the Agreement constitute a reduction from the lodestar amount of attorney's fees incurred and litigation costs advanced in litigating Plaintiff's individual claims in this action, the amount to be paid for attorney's fees and costs is reasonable.

Therefore, consistent with this Court's practice of approving the amount of attorney's fees and costs provided under the FLSA settlement agreement on a record of the representations by counsel as presented here,[3] the Parties seek approval of this Agreement.

## **CONCLUSION**

For the reasons set forth above and for good cause shown, the Parties respectfully request that this Court enter the proposed Order attached hereto approving the Agreement attached hereto as Exhibit 1.

Respectfully submitted this 30th day of April, 2018.

---

[3] *See, e.g., Hanlon v. Southeast Linen Associates, Inc.,* No. 1:17-cv-02128-WSD [Dkt. 16] (N.D. Ga. Feb. 12, 2018) (joint motion for FLSA settlement supporting reasonableness of fee and costs award by representations of counsel, approved); *Harris v. Statewide Wrecker Serv. South, Inc.*, No. 1:16-cg-00995-WSD [Dkt. 18] (N.D. Ga. Dec. 21, 2016) (same); *Green v. Rogers-Premier Unloading Servs., LLC*, No. 1:15-cv-03778-WSD [Dkt. 27] (N.D. Ga. April 20, 2016) (same); *Benton v. A-Tow, Inc.*, No. 1:15-cv-01257-WSD [Dkt. 22] (N.D. Ga. Oct. 15, 2015) (same).

*s/ C. Andrew Head*
C. Andrew Head, GA Bar No. 341472
Bethany A. Hilbert, IL ARDC 6280213 (*pro hac vice*)
HEAD LAW FIRM, LLC
4422 N. Ravenswood Ave.
Chicago, IL 60640
T: (404) 924-4151
F: (404) 796-7338
Email: ahead@headlawfirm.com
Email: bhilbert@headlawfirm.com

Donna L. Johnson, GA Bar No. 086989
HEAD LAW FIRM, LLC
White Provision, Suite 305
1170 Howell Mill Road NW
Atlanta, GA 30318
T: (404) 924-4151
F: (404) 796-7338
Email: djohnson@headlawfirm.com

Fran L. Rudich (*pro hac vice*)
Alexis Castillo (*pro hac vice*)
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
T: (914) 934-9200
F: (914) 934-9220
E: Fran@klafterolsen.com;
alexis.castillo@klafterolsen.com

*Attorneys for Plaintiff*

*s/ Kevin D. Johnson*
Kevin D. Johnson
Florida Bar No.: 0013749 (*pro hac vice*)
Christopher M. Bentley
Florida Bar No.: 052616 (*pro hac vice*)
JOHNSON JACKSON LLC
100 N. Tampa St., Suite 2310
Tampa, FL 33602
Telephone: (813) 580-8400
Facsimile: (813) 580-8407
Email: kjohnson@johnsonjackson.com
cbentley@johnsonjackson.com

John R. Hunt
Georgia Bar No.: 378530
STOKES WAGNER
1201 West Peachtree St. NW
Atlanta, GA 30309

*Attorneys for Defendant*

## **CERTIFICATE OF COMPLIANCE**

I certify that this document was prepared in compliance with LR 7.1, NDGa.

This document was prepared in Times New Roman 14-point font.

*s/ Kevin D. Johnson*
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 30th day of April 2018, by CM/ECF electronic filing to the Clerk of Court and to the following:

    C. Andrew Head
    Head Law Firm, LLC
    4422 N. Ravenswood Ave.
    Chicago, IL 60640

    Donna L. Johnson
    Head Law Firm, LLC
    White Provision, Suite 305
    1170 Howell Mill Road NW
    Atlanta, GA 30318

    Fran L. Rudich
    Clatter Olsen & Lesser LLP
    Two International Drive, Suite 350
    Rye Brook, NY 10573

                                            *s/ Kevin D. Johnson*

                                            Attorney